# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-323** |
| **WILLIAM DORSEY, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-496** |
| **PARIS CHURCH, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-497** |
| **PARIS CHURCH, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-498** |
| **AL-GHANI RASHEED** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-499** |
| **LAQUAN ALLEN** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-513** |
| **WILLIAM DORSEY, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-514** |
| **WILLIAM DORSEY and FARUD GIGETTS** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-515** |
| **WILLIAM DORSEY and GEORGE KING** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-516** |
| **WILLIAM DORSEY, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-517** |
| **PARIS CHURCH, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-518** |
| **WILLIAM DORSEY, et al.** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-519** |
| **PARIS CHURCH and AVERY MOSLEY** | : | |
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-520** |
| **PARIS CHURCH, et al.** | : | |

**ORDER AND MEMORANDUM**

This 16th day of October, 2015 upon consideration of the following Motions and the Government's Responses, the following Motions are **DENIED**:

1. Defendant Waali Shepherd's Motion to Dismiss Count One of the Indictment (Doc. 481);

2. Defendant Ronell Whitehead's Motion to Dismiss Count One of the Indictment (Doc. 484);

3. Defendant Kareem York's Motion to Dismiss Count One of the Indictment (Doc. 485);

4. Defendant Robert Duson's Motion to Dismiss Count One of the Second Superseding Indictment (Doc. 486);

5. Defendant Jamear McGurn's Motion to Dismiss Count One of the Second Superseding Indictment (Doc. 491);

6. Defendant John Dennis' Motion to Dismiss Count One of the Indictment (Conspiracy) (Doc. 498); and

7. Defendant Michael Lewis' Motion to Dismiss Count One of the Indictment (Doc. 508).

Each of these Motions seeks to Dismiss Count I of the Second Superseding Indictment on the grounds that it fails to state an offense under Fed. R. Crim. P. 12(b)(3). The challenged Count alleges Defendants engaged in a conspiracy to knowingly and intentionally distribute controlled substances in violation of Title 21 U.S.C. § 846, Attempt and Conspiracy. Defendants argue that this count of the Indictment fails to sufficiently allege the elements of the offense and fails to

2

apprise them of the evidence against them.

"In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990). The Third Circuit has held "that an indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (citing *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)); *see also United States v. Hodge*, 211 F.3d 74, 76 (3d Cir. 2000).

I. *Insufficient evidence of a conspiracy*

To prove the existence of the alleged conspiracy, the Government must prove three elements: "a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). Each moving Defendant claims that the Indictment does not contain sufficient allegations to show he was actually part of a larger conspiracy. Defendant Duson notes that "[o]f the two hundred and fifty-nine overt acts set forth in the Indictment, only *six* of those acts can be attributed to Mr. McGurn." Mot. to Dismiss of Def. McGurn at 4. In a similar vein, Defendant Dennis points out that the Indictment only alleges he engaged in four overt acts related to the conspiracy, and that all of his "alleged overt acts occurred within a two-month period in 2014 within three months of the end of the alleged conspiracy" and "almost two years after the conspiracy was alleged to have begun." Mot. To Dismiss of Def. Dennis at 5. Dennis asserts, "none of these overt acts … provide the necessary factual basis to show that Mr. Dennis was

3

involved in an overarching conspiracy between all twenty-two defendants in which its members had a unity of purpose, an intent to achieve a common goal, and an agreement to work together toward that goal." *Id.* at 6. The other moving Defendants make similar claims.

Defendants base these arguments on a misapplication of the Third Circuit's decision in *United States v. Pressler*, 256 F.3d 144 (3d Cir. 2001). In *Pressler*, the Third Circuit considered whether there was sufficient evidence to convict the defendant, Shreffler, of participation in a conspiracy. *Id.* at 151. The court found that the evidence showed only that Shreffler was a customer of the alleged co-conspirator, not a participant in a common illegal enterprise. Even the fact that Shreffler knew he was purchasing from a seller who also sold to others was not enough to prove the existence of a conspiracy. *Id.* at 153 ("[T]he mere fact that a defendant comprehends that a person from whom he or she buys drugs or to whom he or she sells drugs also sells drugs to others is not itself sufficient proof that the defendant and the other person are conspirators."). Applying *Pressler* to the present case, Defendants contend that the limited allegations are also not enough to show Defendants were actually members of a conspiracy.

There are at least two serious flaws in Defendants' reasoning. First, *Pressler* relates to the sufficiency of evidence after defendants had been convicted, not to the sufficiency of an indictment. An indictment can be sufficient without alleging all the factual details necessary to sustain a conviction after trial. "[T]he Government is not required to set forth its entire case in the indictment." *Huet*, 665 F.3d at 595.

Second, *Pressler* does not support Defendants' contention that their limited alleged contacts with the conspiracy cannot be the lawful basis for a charge of membership in that conspiracy. The court in *Pressler* distinguished between two distinct scenarios and the types of

4

evidence relevant in each. In the scenario presented in *United States v. Gibbs*—a case preceding *Pressler*—the court found that evidence of a defendant's familiarity with an alleged co-conspirator's drug dealing supported a finding that the defendant was a member of a larger conspiracy. 190 F.3d at 202. In contrast, in *Pressler*, mere knowledge that a dealer sold to others was not enough to convict a drug customer of conspiracy. *Pressler*, 256 F.3d at 153. The key distinction between the two cases was that "[i]n *Gibbs* there was no question that a [conspiracy] existed," but in *Pressler*, "the question is whether there was a conspiracy between any of these individuals at all." *Id.* at 151. The court explained, "certain types of circumstantial evidence become substantially more probative if it can be established that a conspiracy existed and the only remaining question is whether the defendant was a part of it." *Id.* Thus, although a mere customer of a drug dealer is not necessarily a co-conspirator with the dealer, " 'even an occasional supplier (and by implication an occasional buyer for redistribution) can be shown to be a member of the conspiracy by evidence, direct or inferential, *of knowledge that she or he was part of a larger operation.*' " *Id.* at 152 (citing *Gibbs*, 190 F.3d at 198). For the moving Defendants, this means that if other evidence shows the existence of the conspiracy, evidence that a particular person had only limited contact with the conspiracy could nonetheless support a finding that the person was part of the conspiracy. The Government does allege the existence of a conspiracy in the Indictment, and proving its existence and each Defendant's membership in it will be the Government's burden at trial.

II. *Insufficient detail of evidence against which Defendants must defend*

Defendants also argue that the Indictment does not adequately apprise them of the evidence against which they must be prepared to defend. Defendants assert that the Manner and Means

section of the Indictment makes only general assertions about the conspiracy's activities and does not identify for each Defendant the specific activities in which he allegedly engaged.   As noted above, "detailed allegations are unnecessary" in an indictment.  *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).   "Usually, a recitation of the statutory language satisfies the first requirement" of a sufficient indictment, "[a]nd typically, a factual orientation that includes a specification of the time period of the alleged offence is sufficient for the second and third requirements."  *Id.* at 292.    Count One of the Indictment recites the statutory language, specifies the time period during which the alleged conspiracy operated, and makes more than two hundred distinct factual allegations about the operation of the conspiracy.   This is all that the law requires, and the Indictment provides Defendants with ample information about the charges against them.

        /s/ Gerald Austin McHugh
United States District Court Judge